# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAQUAN L. KEARNEY,<br><br>    Plaintiff,<br><br>v.<br><br>BAYSIDE STATE PRISON<br>ADMINISTRATION, et al.,<br><br>    Defendants. | Civ. No. 17-6269 (RBK) (KMW)<br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, LaQuan Kearney, is a state prisoner currently incarcerated at Northern State Prison in Newark, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has also submitted a motion for the appointment of pro bono counsel. For the reasons set forth below, the complaint will be permitted to proceed in part. In addition, the Court will deny the motion for pro bono counsel without prejudice at this time.

## II. FACTUAL BACKGROUND

Plaintiff filed this complaint against the Bayside State Prison Administration (the "Administration") and several employees and corrections officers at Bayside State Prison ("Bayside"), including Courtline Hearing Officer Ms. Ralph, Corrections Officer T. Morey, Corrections Officer Y. Brown, Corrections Officer Thomas, and Corrections Officer Robinson, alleging violations of his Eighth Amendment rights. The following factual allegations are taken from the complaint and are accepted as true for purposes of this screening only.

Plaintiff alleges that he was assaulted by Officer Morey while he was incarcerated at Bayside on or about June 14, 2017. (ECF No. 1 at p. 7). Plaintiff claims that on that morning,

1

during the 8:00 a.m. movement, he went to F-Unit to leave his JP5 tablet with a tier-unit porter. (*See id.*). Plaintiff alleges that Officer Morey approached him and ordered him to return his tablet to his cell. (*See id.* at p. 8). After putting his tablet back in his cell, as instructed, Plaintiff went to the Officers' Station and asked to speak with a sergeant about changing his unit. (*See id.*). While at the Officers' Station, Plaintiff alleges that Officer Morey came up behind him, made threatening comments, and began spraying OC pepper spray in his eyes, nose, mouth, and face. (*See id.*). Plaintiff claims that he was then slammed to the ground and handcuffed from behind. (*See id.*). Plaintiff alleges that Officer Morey climbed on top of him and began choking him for fifteen to twenty minutes, nearly killing him. (*See id.* at p. 9). Plaintiff also claims that Officers Brown, Thomas, and Robinson were present during the assault, failed to intervene, and assisted Officer Morey by holding Plaintiff down with their knees and boots. (*See id.*).

Following the assault, Plaintiff was sent to administrative segregation and was charged with a disciplinary violation. (*See id.*). During his disciplinary hearing, Plaintiff requested video footage from the security cameras in F-Unit showing the assault. (*See id.* at p. 4). Plaintiff alleges that after viewing the video surveillance footage, Hearing Officer Ralph found him guilty of the disciplinary charge of refusing an order from Officer Morey, which violated his constitutional right to due process. (*See id.* at pp. 4, 9). Plaintiff further alleges that Hearing Officer Ralph also violated his constitutional rights by failing to notify higher authorities of the assault. (*See id.*).

Plaintiff states that he filed numerous grievances through the inmate remedy system and requested to be transferred out of Bayside due to unprofessionalism, racism, and discrimination. (*See id.* at p. 4). Plaintiff claims that he suffered severe injuries as a result of the assault for which he continues to require medical treatment and physical therapy. (*See id.* at p. 8). Plaintiff requests that this Court grant him relief in the form of compensatory damages and the firing of each defendant. (*See id.* at pp. 8-9).

2

Furthermore, Plaintiff has filed a motion for the appointment of pro bono counsel. (*See* ECF No. 7). In support of his motion, Plaintiff states that he has very limited resources, is below the poverty line, and has limited legal knowledge. (*See id.* at p. 3).

### III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *See United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The court should "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

### IV. DISCUSSION

Section 1983 generally provides a federal cause of action against any person who, "under color of" state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws[.]" 42 U.S.C. § 1983. Consequently, in order to prevail under 42 U.S.C. § 1983, a plaintiff must prove that he: (a) suffered the deprivation of a right secured by the United States Constitution or federal law, (b) by a person acting under color of state law. *Collins v. City of Harker Heights, Tx.*, 503 U.S. 115, 119-20 (1992); *Morrow v. Balaski*, 719 F.3d 160, 165-66 (3d Cir. 2013) (citation omitted).

### A. Claim against the Bayside State Prison Administration

Plaintiff first asserts a claim against the Administration under § 1983 for alleged violations of his Eighth Amendment rights and seeks both monetary damages and injunctive relief in the form of the termination of Officers Morey, Brown, Thomas, and Robinson.

"Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citation omitted). This bar "extends to suits against departments or agencies of the state having no existence apart from the state." *Id.* at 25; *see also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (inmates' suit against state and its Board of Corrections barred by Eleventh Amendment). Although Congress may abrogate Eleventh Amendment immunity by statute in limited circumstances, the United States Supreme Court has held that 42 U.S.C. § 1983 does not override a state's immunity. *See Quern v. Jordan*, 440 U.S. 332, 350 (1979).

The Supreme Court has held, however, that state officials are not immune under the Eleventh Amendment from prospective injunctive relief. *See Ex Parte Young*, 209 U.S. 123 (1908) (holding that to ensure the enforcement of federal law, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law). A plaintiff requesting prospective injunctive relief "must allege a real and immediate threat of future injury." *Doe v. Div. of Youth & Family Servs.*, 148 F. Supp. 2d 462, 478 (D.N.J. 2001) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "Allegations of exposure to illegal conduct in the past

4

alone, without a showing of continuing adverse effects, do not demonstrate a case or controversy entitling a plaintiff to prospective injunctive relief." *Id.* at 479 (internal citations omitted).

Here, Plaintiff cannot proceed with his § 1983 claim for monetary damages against the Administration based upon Eleventh Amendment Immunity.[1] Additionally, Plaintiff is not entitled to injunctive relief as he is no longer incarcerated at Bayside and injunctive relief cannot be issued to address past wrongs. *See Parkell v. Senato*, 704 F. App'x 122, 125 (3d Cir. 2017). Accordingly, the Court will dismiss with prejudice Plaintiff's claims for monetary damages and injunctive relief against the Administration.

### B. Claim against Hearing Officer Ralph

Plaintiff also alleges that Hearing Officer Ralph violated his due process rights during the disciplinary hearing. Plaintiff, however, has failed to plead facts which show that he was entitled to the protections of the Due Process clause during his disciplinary hearing.

The right to procedural due process attaches only where the plaintiff is deprived of a legally cognizable liberty interest. *Huertas v. Sec'y Pennsylvania Dep't of Corr.*, 533 F. App'x 64, 66 (3d Cir. 2013). The Supreme Court has held that, in the context of a prison disciplinary hearing, a prisoner will only have a cognizable liberty interest in the outcome of a prison disciplinary hearing where the punishment he receives "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Sandin*, the Court held that "confinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to

---

[1] Further, to be liable within the meaning of the statute, the defendant in a § 1983 action must be a "person." A state is not a "person" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (holding that "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.").

implicate a liberty interest," and specifically rejected the argument that a thirty day term of such segregation warranted the procedural protections of the Due Process Clause. *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (quoting *Sandin*, 515 U.S. at 486). The Third Circuit has in turn held that placement in solitary confinement as a form of administrative segregation for a period of up to seven months is insufficient to establish a cognizable liberty interest. *Id.*; *see also Huertas*, 533 F. App'x at 66.

Here, Plaintiff has not alleged any facts showing that his disciplinary sanctions amounted to an atypical deprivation of liberty. Plaintiff therefore has not sufficiently alleged that he was entitled to procedural due process. Accordingly, his § 1983 claim raising such a claim against Hearing Officer Ralph[2] must be dismissed without prejudice for failure to state a claim for which relief may be granted. *Smith*, 293 F.3d at 653-55; *Huertas*, 533 F. App'x at 66.

### C. Claim against Officer Morey

Plaintiff further alleges that Officer Morey used excessive force against him in violation of the Eighth Amendment. "The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments: they cannot be 'cruel and unusual.'" *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). In its prohibition of cruel and unusual punishments, "[t]he Eighth Amendment also imposes duties on prison officials, 'who must provide humane conditions of confinement' . . . and must take reasonable measures to guarantee the safety of

---

[2] To the extent Plaintiff claims that Hearing Officer Ralph failed to report the assault to a superior authority, such allegation sounds in negligence and does not establish a constitutional violation under 42 U.S.C. § 1983. *See e.g. Daniels v. Williams*, 474 U.S. 327, 333 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

inmates." *Durham v. Dep't of Corr.*, 173 F. App'x 154, 156 (3d Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

In other words, the Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. *See Rhodes*, 452 U.S. at 346-47. "No static 'test' can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'" *Id.* at 346 (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)).

Construing all inferences in Plaintiff's favor, as the Court must do at this preliminary screening stage, the Court finds that Plaintiff has pled facts sufficient to state a plausible claim for relief necessary to withstand summary dismissal at this time. Plaintiff alleges that Officer Morey brutally assaulted him by spraying him with pepper spray and choking him. Plaintiff also claims that he suffered severe injuries requiring medical attention as a result of the assault. Accordingly, the Court will allow Plaintiff's Eighth Amendment excessive force claims to proceed at this time against Officer Morey in his individual capacity.[3]

### D. Claims against Officers Brown, Thomas, and Robinson

Plaintiff also alleges that Officers Brown, Thomas, and Robinson witnessed and facilitated Officer Morey's assault on Plaintiff and failed to intervene. (ECF No. 1 at pp. 5-6). The Third Circuit has held that "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a

---

[3] The complaint does not specify whether Plaintiff is suing the Defendants in their individual or official capacities. It is well-established, however, that § 1983 does not provide for damages claims against state agencies or state officials in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70-71 (1989) (holding that an entity with Eleventh Amendment immunity is not a "person" within the meaning of § 1983).

reasonable opportunity to intervene and simply refused to do so." *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). "[A] corrections officer cannot escape liability by relying upon his inferior or non-supervisory rank vis-a-vis the other officers." *Id.* "However, an officer is only liable if there is a realistic and reasonable opportunity to intervene." *Id.* at 651.

Again construing all inferences in Plaintiff's favor, Officers Brown, Thomas, and Robinson had the opportunity to intervene during Officer Morey's assault on Plaintiff but failed to do so. (ECF No. 1 at pp. 5-6). Therefore, this Court will allow Plaintiff's Eighth Amendment failure to intervene claim to proceed at this time against Officers Brown, Thomas, and Robinson in their individual capacities.

**E. Appointment of Pro Bono Counsel**

Plaintiff's motion for the appointment of pro bono counsel is denied without prejudice at this time. Plaintiff seeks counsel on the grounds that his imprisonment greatly limits his ability to litigate, he cannot afford counsel, and he has limited legal knowledge. (*See* ECF No. 7 at p. 3).

A pro se litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiffs capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

This case is in its early stages, and service has not yet taken place.  At present, Plaintiff's filings indicate that he possesses the ability to adequately pursue his claims.  Upon consideration of the record, the Court is not persuaded that representation by an attorney is warranted at this time.  The Court can address the issue at a later date should counsel become necessary.

## V. CONCLUSION

For the reasons set forth above, this Court will dismiss with prejudice Plaintiff's claim against the Bayside State Prison Administration.  The Court will also dismiss without prejudice Plaintiff's claim against Hearing Officer Ralph.  This Court will allow Plaintiff's Eighth Amendment excessive force claim against Officer Morey in his individual capacity as well as Plaintiff's Eighth Amendment failure to intervene claims against Officers Brown, Thomas, and Robinson in their individual capacities to proceed to the next stage.  Additionally, this Court will deny Plaintiff's motion for the appointment of pro bono counsel at this time.  An appropriate Order will be entered.


DATED: June 21, 2018　　　　　　　　　　　　　　　　　s/Robert B. Kugler
　　　　　　　　　　　　　　　　　　　　　　　　　　ROBERT B. KUGLER
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge