Jeremy D. Frey
Corey M. Scher
**PEPPER HAMILTON LLP**
*(A Pennsylvania Limited Liability Partnership)*
Suite 400
301 Carnegie Center
Princeton, New Jersey 08543-5276
Phone: (609) 452-0808
Fax: (609) 452-1147
freyj@pepperlaw.com
torrejonv@pepperlaw.com

*Attorneys for Plaintiff*
*LaQuan L. Kearney*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAQUAN L. KEARNEY,<br><br>                              Plaintiff,<br><br>                   -v-<br><br>THOMAS MOREY, YVETTE BROWN, NICOLE THOMAS, JOSEPH ROBINSON, ABC CORPORATIONS (1-5), JOHN DOES (1-12),<br><br>                              Defendants. | CIVIL ACTION NO. 17-6269 (RBK) (KMW)<br><br>JURY TRIAL DEMANDED<br><br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff LaQuan L. Kearney by way of complaint against Defendants Thomas Morey, Yvette Brown, Nicole Thomas, Joseph Robinson, ABC Corporations (1-5) and John Does (1-10) hereby alleges and says as follows:

### PRELIMINARY STATEMENT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Plaintiff LaQuan Kearney, who is in the custody of the New Jersey Department of Corrections.  At relevant times, Mr. Kearney was in custody at Bayside State Prison in Leesburg, New Jersey

While Mr. Kearney was at Bayside State Prison, an officer who confronted Mr. Kearney about attempting to move housing units, sprayed Mr. Kearney's eyes, nose and mouth with pepper spray before slamming him to the ground, handcuffing him from behind, and then climbing on top of him to choke him.  Three other officers held Mr. Kearney down while he was being choked.  Many additional unidentified officers arrived and piled on to Mr. Kearney after he had been incapacitated, handcuffed and while lying on the prison floor.  The date was June 14, 2017, the end of a record-breaking heatwave in New Jersey.  As he struggled in the heat to breathe, Mr. Kearney believed that he was going to die.  He survived, but with physical injuries as a result of the assault, only to be placed in administrative segregation for allegedly refusing an order.

## PARTIES

1.      Plaintiff LaQuan Kearney is a citizen of the United States and is currently a state prisoner incarcerated at Northern State Prison located at 168 Frontage Road, Newark, New Jersey 07114.

2.      At relevant times, Mr. Kearney was an inmate at Bayside State Prison located at 4293 Route 47, Leesburg, New Jersey 08327, a facility managed by the New Jersey Department of Corrections.

3.      At all relevant times, Defendant Thomas Morey was a Senior Correctional Officer employed at Bayside State Prison.  He is being sued in his individual capacity as an officer at Bayside State Prison.

4.      At all relevant times, Defendant Yvette Brown was a Senior Correctional Officer employed at Bayside State Prison.  She is being sued in her individual capacity as an officer at Bayside State Prison.

5.     At all relevant times, Defendant Nicole Thomas was a Senior Correctional Officer employed at Bayside State Prison.  She is being sued in her individual capacity as an officer at Bayside State Prison.

6.     At all relevant times, Defendant Joseph Robinson was a Senior Correctional Officer employed at Bayside State Prison.  He is being sued in his individual capacity as an officer at Bayside State Prison.

## JURISDICTION AND VENUE

7.     This Court has personal jurisdiction over the Defendants because they live or work in New Jersey.  In addition, the events, acts, and occurrences giving rise to this cause of action occurred entirely within New Jersey.

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction under 28 U.S.C. § 1367(a).

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arise from actions that took place at Bayside State Prison, which is located within this District.

## BACKGROUND

10.     On or about June 14, 2017 at about 8 a.m., Mr. Kearney was leaving F-Unit in Bayside State Prison on the way to Bayside's education building during "mass movement," which refers to a permitted time for such travel within the prison.  Before leaving F-Unit, Mr. Kearney sought to drop-off his prison-issued electronic tablet with a tier-unit porter.

11.     Officer Morey approached Mr. Kearney and ordered him to return the tablet to his cell, an order to which Mr. Kearney promptly complied.

12.     After leaving his cell on the way to the education building, Mr. Kearney stopped at Officers' Station in F-Unit to see if he could speak with a sergeant about changing his housing unit.

13.     Officers Brown, Thomas and Robinson were at and near the Officers' Station.

14.     Mr. Kearney sought to explain that an administrator had previously instructed Mr. Kearney to speak with a supervisor about changing his housing unit and he was attempting to comply with that instruction.

15.     Officer Morey approached Mr. Kearney, threatening him that the only way Mr. Kearney was leaving F-Unit was "in a body bag."

16.     Without more, Officer Morey emptied the contents of a canister of pepper spray into Mr. Kearney's eyes, nose and mouth.  While he was doing so, Officer Morey pressed the emergency distress call on his radio, summoning a team of officers.

17.     Officer Morey then slammed Mr. Kearney to the ground and handcuffed him.

18.     At that point, Mr. Kearney was already having difficulty breathing.  New Jersey had been under a record-breaking heat wave and the heat, coupled with the unnecessary and excessive amount of pepper spray that Officer Morey had sprayed in Mr. Kearney's face, left Mr. Kearney gasping for breath.

19.     Notwithstanding Mr. Kearney's position – on the floor, handcuffed, incapacitated and gasping for air – Officer Morey then climbed on top of Mr. Kearney and began choking him for a period of time.

20.     Officers Brown, Thomas and Robinson not only failed to intervene, but aided and abetted Officer Morey in assaulting Mr. Kearney.  The Officers held Mr. Kearney to the ground with their knees and boots to his back, bottom and legs, exacerbating a prior injury that had led the Social Security Administration to classify Mr. Kearney as disabled.  Many additional unidentified officers, Defendants John Does (1-12), arrived on the scene, piled onto Mr. Kearney as he was lying handcuffed, incapacitated and helpless on the prison floor and failed to intervene.

21.     As he struggled to breathe, Mr. Kearney believed he was about to die.

22.     He overheard the other Officers discussing with Officer Morey whether Mr. Kearney was still breathing or if he was already dead.

23.     Mr. Kearney survived, only to be sent to administrative segregation and charged with a disciplinary violation.

24.     On numerous occasions, Plaintiff sought relief through the prison grievance system for his injuries, and properly exhausted his administrative remedies.

25.     Plaintiff has suffered and continues to suffer considerable pain, mental anguish, and permanent physical disability as a result of Defendants' malicious, intentional and reckless actions and/or individual and collective failure to intervene.

## COUNT I – 42 U.S.C. §1983 (AS TO DEFENDANT MOREY)

26.     Mr. Kearney repeats each and every prior allegation of the First Amended Complaint and incorporates the same by reference as if set forth at length herein.

27.     Defendant Morey, acting under color of state law, used excessive force against Mr. Kearney in violation of the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment.

28.     Defendant Morey brutally assaulted and intentionally inflicted physical injury and emotional distress on Mr. Kearney by spraying him with pepper spray in his eyes, nose and mouth so that he was left gasping for breath and then assaulted and choked him after he had been handcuffed and incapacitated  until he feared that he would die.

29.     In so doing, Defendant Morey unnecessarily and wantonly inflicted pain and suffering on Mr. Kearney in violation of his constitutional rights.

30.     Defendant Morey applied force maliciously and sadistically to cause harm to Mr. Kearney in violation of Mr. Kearney's constitutional rights.

31.     As a direct and proximate result of Defendant Morey's conduct in violation of Mr. Kearney's constitutional rights, Plaintiff has been damaged.

32.     Defendant Morey's malicious, intentional and reckless behavior warrants the imposition of punitive damages.

**WHEREFORE**, Plaintiff demands judgment in his favor and against defendants for the following relief:

a.     compensatory damages;

b.     consequential damages;

c.     punitive damages;

d.     reasonable attorney's fees and costs; and

e.     such other such relief as the Court deems just and proper.

**COUNT II – 42 U.S.C. §1983 (AS TO DEFENDANTS BROWN, THOMAS AND ROBINSON, ABC CORPORATIONS (1-5) AND JOHN DOES (1-12))**

33.     Plaintiff repeats each and every prior allegation of the First Amended Complaint and incorporates the same by reference as if set forth at length herein.

-6-

34.     Defendants Brown, Thomas, Robinson, ABC Corporations (1-5) and John Does (1-12), acting under color of state law, used and/or failed to intervene in the use of excessive force against Mr. Kearney in violation of the Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment.

35.     Defendants en masse assaulted and intentionally inflicted physical injury and emotional distress on Mr. Kearney by holding him to the ground with their knees and boots to his back, bottom and legs and by piling on while Defendant Morey choked Mr. Kearney after he had been handcuffed, incapacitated and sprayed with pepper spray, including in his eyes, nose and mouth.

36.     In so doing, Defendants unnecessarily and wantonly inflicted pain and suffering on Mr. Kearney in violation of his constitutional rights.

37.     Defendants applied force maliciously and sadistically to cause harm to Mr. Kearney in violation of Mr. Kearney's constitutional rights.

38.     Defendants also negligently, grossly negligently, recklessly and/or intentionally failed to intervene and/or protect Mr. Kearney from injury caused by the unlawful use of force against him by Defendant Morey and other Defendants.

39.     As a direct and proximate result of Defendants' actions and inactions, Mr. Kearney was damaged.

40.     Defendants' malicious, intentional and reckless behavior warrants the imposition of punitive damages.

**WHEREFORE**, Plaintiff demands judgment in its favor and against the defendant for the following relief:

a.      compensatory damages;

b.      consequential damages;

c.      punitive damages;

d.      attorney's fees and costs of suit; and

e.      such other such relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on each issue triable thereby.

## NOTICE OF OTHER ACTIONS PURSUANT TO L.CIV.R. 11.2

The undersigned hereby certifies that the matter in controversy is not the subject of any other known action or proceeding in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated.  I do not currently know of any other parties who should be joined in this action.

## CERTIFICATION OF NON-ARBITRABILITY UNDER L.CIV.R. 201.1

The undersigned hereby certifies that this action is based on an alleged violation of a right secured by the Constitution of the United States, and thus is not eligible for arbitration under L.Civ.R. 201.1(d)(2)(A).

Respectfully submitted,

By:      *s/Jeremy D. Frey*
         Jeremy D. Frey
         Corey M. Scher
         **PEPPER HAMILTON LLP**
         *(A Pennsylvania Limited Liability Partnership)*
         Suite 400
         301 Carnegie Center
         Princeton, NJ  08543
         (609) 452-0808

         *Attorneys for Plaintiff LaQuan L. Kearney*

-8-