IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LAQUAN L. KEARNEY,<br><br>Plaintiff,<br><br>v.<br><br>BAYSIDE STATE PRISON ADMIN., et al.,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 17-06269-KMW-SAK<br><br>**OPINION & ORDER** |

**WILLIAMS, District Judge:**

This matter comes before the Court on Defendants' Motion to Seal [ECF No. 148] seeking to seal specific video exhibits that were filed at trial (Trial Exhibits J-3, J-5, J-6, J-8, and D-14). In Defendants' motion, Defendants state that the exhibits contain information that, if released to the public "would reveal sensitive information. . . [that would cause] a significant security concern that outweighs the public interest in its disclosure." (ECF No. 148 at 2). For the reasons that follow, Plaintiffs' Motion is granted.

While litigants maintain an interest in privacy, and it is within courts' authority to restrict public access, the public has a well-settled right to information and records regarding judicial proceedings. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). Therefore, movants bear the burden of overcoming the presumption in favor of public access. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). *Pansy* acknowledges that protective orders over discovery materials and orders of confidentiality over matters relating to other stages of litigation have "comparable features and raise similar public policy concerns." *Id. Pansy* requires a demonstration of "good cause" in favor of protection, requiring the movant to make a particularized showing of a clear and serious injury that would result from disclosure. *Id.*

Additionally, for civil trials, there is a First Amendment right of access. *Publicker Indus. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984). The constitutional right of access is "not absolute, . . . as a First Amendment right it is to be accorded the due process protection that other fundamental rights enjoy," *id.*, but it also requires a "much higher showing" than the common law right of access. *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 673 (3d Cir. 2019) (citing *In re Cedent Corp.*, 260 F.3d. at 198 n.13).

Further, the Court must emphasize that there is a strong presumption that material introduced into evidence at trial should be reasonably publicly accessible. *United States v. Criden*, 648 F.2d 814, 823 (3d Cir. 1981) ("Criden I"). The presumption of access with regards to trial material is not absolute, but rather is mitigated by circumstances where the court files might become a vehicle for improper purposes, or where the release of the trial document creates a risk that is so likely to cause serious harm to third parties it would be sufficient to overcome the assumption of access. *Criden I* at 823-26, 829 (analyzing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1987).

To keep judicial records from being made available to the public, a party must make a formal motion requesting that the Court seal the materials. Local Civil Rule 5.3(c)(1). Local Civil Rule 5.3 in this district combines the above precedent for one distinct assessment to seal court materials, which provides in pertinent part:

> Any motion papers shall include as part of an affidavit, declaration, certification or other documents of the type referenced in 28 U.S.C. § 1746, which shall be based on personal knowledge as required by Local Civil Rule 7.2(a), an index, substantially in form suggested by Appendix U, describing with particularity:
>
> (a) the nature of the materials or proceedings at issue;
> (b) the legitimate private or public interest which warrant the relief sought;

      (c)  the clearly defined and serious injury that would result if the relief sought is not granted;
      (d)  why a less restrictive alternative to the relief sought is not available;
      (e)  any prior order sealing the same materials in the pending action; and
      (f)  the identity of any party or nonparty known to be objecting to the sealing request.

Local Civil Rule 5.3(c)(3).

Thus, the Court must review the sealing request by Defendants carefully and must articulate the countervailing interests that exist to seal the videos at issue and make findings specific enough that a reviewing court can determine whether the order is proper. *In re Avandia*, 924 F.3d at 674.

Here, Defendants have articulated a strong, legitimate interest in protecting the security and operations of the prison which warrants the relief sought and outweighs the public interest in accessing these pieces of evidence. As Defendants noted, the public would have access to the transcripts of testimony and could review the public filings. (ECF No. 148 at 3). The nature of the proceedings, a case between a prisoner and a prison that settled during trial (and further, where the settlement is public), does not present a context where the public would have heightened interest, and the nature of the materials, videos of the inside of a correctional facility, creates a significant security concern as described further below.

Defendants have clearly defined and serious injuries that would result if the relief sought is not granted. The Court agrees with the Defendants as they note, "[i]f made public, the information [on these videos] could be used by individuals to engage in unlawful and dangerous conduct, against guards, prison staff, and other inmates. This would compromise the ability of Bayside State Prison to successfully achieve its purpose of providing a safe and securing location in which to house inmates". (ECF No. 148 at 2-3). Indeed, other courts have concluded that

3

releasing sensitive, security related information about the internal workings of a prison creates a risk of danger to correction officers and other inmates. *See Grant v. Fisher*, No. 07-1970, 2012 WL 28260 at *1 (M.D. Pa. Jan. 5, 2012) (a prison surveillance video was allowed to be presented at trial with modifications for security concerns); *Morris v. Bakos*, No. 14-201, 2016 WL 6476998 at *2 (W.D. Pa. Nov. 1, 2016) (denying a motion *in limine* to introduce policies related to camera operations within a prison as evidence in trial due in part to security concerns); *Houser v. Pennsylvania Dep't of Carr.*, No. 13-CV-1068, 2015 WL 757552 at *4 (W.D. Pa. Feb. 23, 2015) (denying plaintiff's discovery request for a prison's internal procedures because such documents directly implicate security concerns); *Paluch v. Dawson*, No. CIV. 1:CV-06-01751, 2007 WL 4375937 at *5 (M.D. Pa. Dec. 12, 2007) (denying a motion to compel prison procedure manuals).

Here, a less restrictive alternative to the relief sought is not available because there is no way to alter the videos to prevent sensitive information from being visible, particularly the physical locations of the cameras themselves, as well as blind spots from the footage that are revealed by the video. Further, the placement, behaviors, equipment, and response time of the officers cannot be redacted from the videos and to try to do so would effectively seal the exhibits entirely. Moreover, since their introduction at trial, these exhibits have been protected under a temporary seal and have been the subject of several conferences and agreements between the Parties to address the security issues presented by the videos. *See* (ECF No. 71). Ultimately, there is no objection to sealing these videos because Plaintiff has withdrawn his objection to this current sealing request. (ECF No. 148 at 1).

4

THEREFORE, the Court finds that Defendants have substantially complied with Local Civil Rule 5.3 and have shown sufficient cause for this Court to grant Defendants' request to seal the trial exhibits at issue.

The Court hereby notifies the Parties that this relief may be temporary and not permanent. This Court is funded by the public and does not sit, in general, to resolve private disputes in secret. However, any modification or lifting of this Order to Seal will be done on notice and with an opportunity to be heard.

Consequently, IT IS this 23rd day of February, 2023, hereby

**ORDERED** that Plaintiffs' Motion to Seal (ECF No. 148) is GRANTED, and it is further

**ORDERED** that the Clerk's Office shall keep trial exhibits J-3, J-5, J-6, J-8, and D-14 under seal on this matter's docket unless directed otherwise pursuant to a future order from this Court.

At Camden, New Jersey

KAREN M. WILLIAMS, U.S.D.J.